UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. ) |
| NINETY-TWO THOUSAND, EIGHT HUNDRED SIXTY-FIVE DOLLARS IN U.S. CURRENCY ($92,865.00), | ) ) ) ) |
| Defendant. | ) ) |

**VERIFIED COMPLAINT OF FORFEITURE**

COMES NOW, Plaintiff, the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Stephen Casey, Assistant United States Attorney, for said district, and for its Verified Complaint for Forfeiture states as follows:

**NATURE OF THE ACTION**

1. This is a civil action *in rem* brought by the United States of America seeking forfeiture of all right, title, and interest in the above-captioned defendant property pursuant Title 21, United States Code, Section 881(a)(6) and Title 18, United States Code, Sections 981(a)(1)(A).

2. The defendant property was seized by law enforcement on or about April 21, 2020, and is described more fully as ninety-two thousand, eight hundred and sixty-five dollars in U.S. currency ($92,865.00) (the "defendant property").

**JURISDICTION AND VENUE**

3. The Court has jurisdiction over this action pursuant to Title 28, United States Code, Sections 1345, 1355, and 1395.

4. Venue is proper pursuant to Title 28, United States Code, Section 1355(b)(1)(A) because the acts and omissions giving rise to forfeiture took place in the Eastern District of Missouri.  Venue is also proper pursuant to Title 28, United States Code, Section 1395(b) because the defendant currency was seized in the Eastern District of Missouri.

## STATUTORY FRAMEWORK

5. Title 21, United States Code, Section 881(a)(6) authorizes the civil forfeiture of "all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

6. Title 18, United States Code, Section 1956(a)(1)(A)(i) criminalizes conducting a transaction, including transferring, delivering, or other disposition, knowing that such transaction represents the proceeds of some form of unlawful activity and that in fact involves the proceeds of a specific unlawful activity, including violations of the Controlled Substances Act, with the intent to promote the carrying on of the specified unlawful activity.

7. Title 18, United States Code, Section 1956(a)(1)(B) criminalizes conducting a transaction, including transfer, delivery, or other disposition, knowing that such transaction represents the proceeds of some form of unlawful activity and that in fact involves the proceeds of a specific unlawful activity, including violations of the Controlled Substances Act, knowing that the transaction is designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity.

8. Pursuant to Title 18, United States Code, Section 981(a)(1)(A), any property, real

or personal, involved in a transaction or attempted transaction in violation of section 1956 of Title 18, or any property traceable to such property, is subject to civil forfeiture.

## FACTS GIVING RISE TO THE FORFEITURE

9. Dakota Smith ("Smith") is a resident of O'Fallon, Missouri.

10. On or about April 20, 2020, Smith planned to travel to Colorado with bulk U.S. currency to purchase $100,000.00 worth of marijuana, THC wax and CBD oil.

11. Smith contacted an individual he knew owned a recreational vehicle ("RV"). Smith asked the individual if he could use the RV to deliver the currency to Colorado and then transport the marijuana, THC wax, and CBD oil back to St. Louis, Missouri.

12. The individual was a confidential source for the Drug Enforcement Agency ("DEA") at the time and informed the DEA of Smith's plan.

13. At the direction of the DEA, the source told Smith he could borrow the RV and would travel with Smith to Colorado.

14. Smith and the confidential source agreed to leave for Denver, Colorado on April 21, 2020.

15. On April 21, 2020, law enforcement learned Smith intended to leave his residence at 3:30 p.m. to meet with the source to travel in the RV to Colorado.

16. That same day around that time, law enforcement set up surveillance at Smith's residence in O'Fallon, Missouri.

17. Law enforcement observed Smith exit his residence and place several bags in his blue 2007 Cadillac Escalade ("Escalade"). One of the bags was a black duffle bag. Law enforcement then observed Smith leave his residence driving the Escalade with other individuals as passengers.

18. While in route, Smith contacted the source indicating he had the bulk U.S. currency in his possession and was on his way to meet the source to depart in the RV. The source relayed this information to the DEA.

19. After witnessing Smith commit several traffic violations, law enforcement conducted a traffic stop of the Escalade

20. A strong odor of marijuana emanated from the Escalade. Smith stated that Dexter Smith had been smoking marijuana.

21. Smith and the passengers were asked to exit the Escalade by law enforcement. Smith denied consent to law enforcement to search the Escalade.

22. A certified drug detection canine was deployed to conduct a free air sniff of the Escalade. The canine gave an affirmative response to the presence of a controlled substance in the front passenger seat and the third row, passenger side seat, near the tailgate area. The canine also gave a positive alert to the black duffel bag placed in the vehicle by Smith.

23. Law enforcement officers conducted a search of the Escalade. In the center console, they discovered a heat-sealed package containing marijuana that was cut open. A partially smoked marijuana cigarette was found lying on the seat where Dexter Smith had been seated. The black duffle bag contained clothing, a plastic shopping bag holding multiple Ziploc bags containing bulk U.S currency, and a green, soft-sided lunch bag containing additional Ziploc bags filled with U.S. currency. The bulk U.S. currency was in bundles and some was rubber banded together. The bulk U.S. currency totaled $92,865.00.

24. Smith and the passengers were asked prior to the search if any U.S. currency was inside the Escalade. Only two passengers indicated they had U.S. currency in the Escalade; specifically, in their purses inside the vehicle. The passengers stated they had recently withdrawn

the U.S. currency from their accounts. The U.S. currency was located by law enforcement during the search and returned.

25. Smith failed to inform law enforcement officers regarding the defendant property. Smith stated he forgot about it. Smith further stated a portion of the defendant property belonged to him and the rest belonged to a business associate he identified as "J." Smith was unable to identify what portion belonged to him and what belonged to "J."

26. Smith admitted that he grew marijuana at his residence in O'Fallon, Missouri. Smith gave law enforcement written consent to search his residence.

27. On or about April 21, 2020, Smith and investigators arrived at his residence and Smith directed them to the basement.

28. Marijuana in various states of maturity was located in the basement. Smith stated he had permits to grow medical marijuana for personal consumption.

29. A quantity of loose marijuana was located in the kitchen in a heat-sealed package.

30. Smith also told law enforcement that he sells CBD oil but tells customers it is marijuana. He also told officers that he buys and sells vehicles to conceal and legitimize his proceeds from the sale of the CBD oil and marijuana. Smith stated the proceeds generated from those sales are his main source of income.

31. The passengers in the Escalade denied any knowledge or ownership of the defendant property and each signed a disclaimer form stating they had no legal interest in the defendant property.

32. After the search of Smith's residence, the confidential source contacted the DEA. The source stated Smith had contacted him/her after the seizure and told the confidential source that he lied to the officers and said that the defendant property belonged to a business partner,

hoping the officers would not seize it. Smith asked the confidential source if he/she would help Smith "doctor" some receipts showing the currency belonged to the confidential source so the currency could be returned.

### COUNT ONE – FORFEITURE
### 21 U.S.C. § 881(a)(6)

33. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 32 above as if fully set forth herein.

34. The defendant property is bulk U.S. currency that was discovered by law enforcement officers in bundles, portions wrapped in rubber bands, in denominations and a manner that is consistent with drug trafficking. In addition, the defendant property was found concealed in a plastic bag inside a duffle bag in the rear of Smith's vehicle, who lied to officers about its source, ownership and intended use. Finally, a certified narcotics canine alerted positively to the presence of a controlled substance on the defendant property.

35. Based on the foregoing, the defendant currency is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6) as money furnished or intended to be furnished in exchange for a controlled substance, as proceeds traceable to such an exchange, and as money to be used to facilitate a violation of the Controlled Substances Act.

### COUNT TWO – FORFEITURE
### 18 U.S.C. § 981(a)(1)(A)

36. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 32 above as if fully set forth herein.

37. The defendant currency is proceeds of an unlawful activity involving controlled substances and was transported through the Eastern District of Missouri by Smith with the intent to promote the carrying on of, and to conceal or disguise the nature, location, source, ownership

or control of, a specified unlawful activity.

38. Based on the foregoing, the defendant currency is subject to forfeiture, pursuant to Title 18, United Stated Code, Section 981(a)(1)(A) as property involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1956, or as property traceable to such property.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America prays that a Warrant for Arrest be issued in rem for the defendant currency and the defendant currency be condemned and forfeited to the United States of America, in accordance with the provisions of law; and that the United States of America be awarded its costs in this action, and have such other relief as provided by law and the nature of the case may require.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney


*/s/ Stephen Casey*
STEPHEN CASEY, #58879(MO)
Assistant United States Attorney
111 South 10th Street, Suite 20.333
Saint Louis, Missouri 63102
Telephone:    (314) 539-2200
Stephen.Casey3@usdoj.gov

## VERIFICATION

I, Jarryd Powell, hereby verify and declare under penalty of perjury that I am a Special Agent with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent with the Drug Enforcement Administration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 12/14/20

(date)

JARRYD POWELL
Special Agent
Drug Enforcement Administration

🏷️ JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question (U.S. Government Not a Party)
- ❏ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 362 Personal Injury - Med. Malpractice | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal 28 USC 157 | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 365 Personal Injury - Product Liability | ❏ 625 Drug Related Seizure of Property 21 USC 881 | | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | ❏ 368 Asbestos Personal Injury Product Liability | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 460 Deportation |
| ❏ 151 Medicare Act | ❏ 340 Marine | **PERSONAL PROPERTY** | ❏ 650 Airline Regs. | ❏ 830 Patent | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❏ 345 Marine Product Liability | ❏ 370 Other Fraud | ❏ 660 Occupational Safety/Health | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 371 Truth in Lending | ❏ 690 Other | | ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ❏ 810 Selective Service |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 385 Property Damage Product Liability | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | | | ❏ 720 Labor/Mgmt. Relations | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge 12 USC 3410 |
| ❏ 196 Franchise | | | ❏ 730 Labor/Mgmt.Reporting & Disclosure Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 740 Railway Labor Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| ❏ 210 Land Condemnation | ❏ 441 Voting | ❏ 510 Motions to Vacate Sentence | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 892 Economic Stabilization Act |
| ❏ 220 Foreclosure | ❏ 442 Employment | **Habeas Corpus:** | ❏ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ Accommodations | ❏ 530 General | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 240 Torts to Land | ❏ 444 Welfare | ❏ 535 Death Penalty | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 895 Freedom of Information Act |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 540 Mandamus & Other | | | ❏ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | ❏ 550 Civil Rights | | | ❏ 950 Constitutionality of State Statutes |
| | ❏ 440 Other Civil Rights | ❏ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from another district (specify)
- ❏ 6 Multidistrict Litigation
- ❏ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

```
                    ,       )
        plaintiff,          )
                            )
v.                          )    Case No.
                            )
                    ,       )
        defendant.          )
```

# ORIGINAL FILING FORM

**THIS FORM MUST BE COMPLETED AND VERIFIED BY THE FILING PARTY WHEN INITIATING A NEW CASE.**

THIS CAUSE, OR A SUBSTANTIALLY EQUIVALENT COMPLAINT, WAS PREVIOUSLY FILED IN THIS COURT AS CASE NUMBER_____

AND ASSIGNED TO THE HONORABLE JUDGE_____.

NEITHER THIS CAUSE, NOR A SUBSTANTIALLY EQUIVALENT COMPLAINT, PREVIOUSLY HAS BEEN FILED IN THIS COURT, AND THEREFORE MAY BE OPENED AS AN ORIGINAL PROCEEDING.

**The undersigned affirms that the information provided above is true and correct.**

Date:_____

_____
Signature of Filing Party

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| NINETY-TWO THOUSAND, EIGHT HUNDRED AND SIXTY-FIVE DOLLARS IN U.S. CURRENCY ($92,865.00), | ) ) ) ) |
| | ) |
| Defendant. | ) |

**WARRANT FOR ARREST OF PROPERTY**

TO: THE UNITED STATES MARSHAL AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER FOR THE EASTERN DISTRICT OF MISSOURI

Whereas, on December 14, 2020, the United States of America filed a Verified Complaint for Civil Forfeiture in the United States District Court for the Eastern District of Missouri, against the above-named defendant property, alleging that said property is subject to seizure and civil forfeiture to the United States for the reasons mentioned in the complaint; and

WHEREAS, the defendant property is currently in the possession, custody, or control of the United States; and

WHEREAS, in these circumstances, Supplemental Rule G(3)(b)(i) directs the Clerk of the Court to issue an arrest warrant in rem for the arrest of the defendant property; and

WHEREAS, Supplemental Rule G(3)(c) provides that the warrant of arrest in rem must be delivered to a person or organization authorized to execute it;

NOW THEREFORE, you are hereby commanded to arrest the above-named defendant property by serving a copy of this warrant on the custodian in whose possession, custody, or

control the property is presently found, and to use whatever means may be appropriate to protect and maintain it in your custody until further order of this Court,

    YOU ARE FURTHER COMMANDED, promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individuals upon whom copies were served and the manner employed.

                                      GREGORY J. LINHARES, CLERK  
                                      United States District Court

By: _____  
     Deputy Clerk

Date: _____